UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
MAY 17 2007

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| BETTY J. SALVESON,<br><br>Plaintiff,<br><br>-vs-<br><br>LINDA MILLER, M.D., and<br>ADEL HASSAN, M.D.,<br><br>Defendants. | CIV.06-4229<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff, Betty J. Salveson, filed this malpractice action on November 7, 2006. In her complaint Plaintiff asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332[1] because complete diversity exists between the parties. In support of this assertion Plaintiff alleges in her complaint that she is a resident of South Dakota, Defendant Hassan is a resident of Kentucky, and

---

[1] 28 U.S.C.A. § 1332(a) provides:
> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
>> (1) citizens of different States;
>> (2) citizens of a State and citizens or subjects of a foreign state;
>> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.
>
> For the purposes of this section, section 1335, and section 1441, an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled.

Defendant Miller is a resident of Florida. Doc. 1. Defendant Miller filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction ( Doc. 13) and Defendant Hassan joined in Defendant Miller's motion (Doc. 19). Neither Defendant disputes that Plaintiff is a resident of South Dakota. However, Defendant Miller disputes that she is a resident of Florida and maintains she is a resident of South Dakota, and Defendant Hassan disputes that he is a resident of Kentucky and maintains he is a resident of South Dakota. For the reasons set forth in this opinion, the motion to dismiss is denied.

## DISCUSSION

General Principles Regarding Diversity Jurisdiction and Citizenship

Statutes such as 28 U.S.C.A. § 1332 which confer diversity jurisdiction upon the federal courts are to be strictly construed. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942); *Janzen v. Goos*, 302 F.2d 421, 424 (8th Cir. 1962). Consequently, when a defendant challenges a plaintiff's allegations of jurisdictional facts, the plaintiff bears the burden of supporting the allegations by a preponderance of the evidence. *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990); *Janzen v. Goos* 302 F.2d at 424. Diversity jurisdiction exists when each defendant is a citizen of a different State from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978); *Yeldell v. Tutt* 913 F.2d at 537. The existence of diversity of citizenship is determined at the time the suit in issue is instituted, not when the cause of action arose. *Smith v. Sperling*, 354 U.S. 91, 93 n. 1(1957); *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

In the context of diversity jurisdiction, the terms "domicile" and "citizenship" are synonymous. *Yeldell v. Tutt* 913 F.2d at 537; 13B C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3612 (2d ed. 1984). To establish domicile, a person must both be physically present in the state and have the intent to make his home there indefinitely. *Blakemore*, 789 F.2d at 618; J. MOORE, J. LUCAS, H. FINK, D. WECKSTEIN & J. WICKER, 1 MOORE'S FEDERAL PRACTICE ¶ 0.74[3.-1] (1990). Intention to remain in the State permanently, however, is not necessary. *Blakemore*, 789 F.2d at 618. However, a person must intend to reside in the State indefinitely "with no present or fixed intent to move on upon the happening of a reasonably certain event." *Holmes v. Sopuch*, 639 F.2d 431, 434 (8th Cir. 1981). Once a person has established his or her domicile, he or she remains domiciled there until he or she legally acquires a new domicile.

*Yeldell v. Tutt* 913 F.2d at 537; C. WRIGHT, A. MILLER & E. COOPER, 13B FEDERAL PRACTICE AND PROCEDURE § 3612, at 535.

The determination of citizenship for the purpose of diversity is a mixed question of law and fact, but mainly fact. *Blakemore*, 789 F.2d at 618; *Holmes*, 639 F.2d at 434. Some of the factors considered by courts in determining citizenship for the purpose of diversity are where the person resides; where the person works; where the person votes; the States that issues the person's driver's license; where the person seeks medical treatment; where the person pays taxes; and what address the person lists as his address on various documents. *See, e.g., Altimore v. Mount Mercy College*, 420 F.3d 763, 769 (8th Cir. 2005). Residence, however, does not equate with citizenship. *Janzen v. Goos*, 302 F.2d at 426. Also, a court, in determining citizenship for the purpose of diversity, is not required to believe an interested witness' uncontradicted testimony which the Court believes is unreasonable or improbable. *Janzen v. Goos*, 302 F.2d at 427.

## Determination of Dr. Hassan's Domicile

Dr. Hassan is a locum tenens physician, who at the time this lawsuit was filed was working in Paragould, Arkansas. Dr. Hassan works as a locum tenens physician approximately seven to eight months a year, and resides at Jamestown, Kentucky for two to three months a year. He travels the remaining one month of the year. Dr. Hassan has owned the home at the Kentucky address since July of 2003. This is the only home now owned by Dr. Hassan. Although Dr. Hassan once had a contract with a Kentucky hospital, he has not had a medical practice in Kentucky since September of 2004. At the time this action was filed Dr. Hassan listed this Kentucky address in his May 12, 2004, application for locum tenens physician, and in his December 21, 2005, application for certificate of authority to transact business in South Dakota. This Kentucky address appears on his Wisconsin, Arkansas and Pennsylvania medical licensing documents. Dr. Hassan listed this Kentucky address as his home address in his 2003 and 2004 tax returns, but listed his address as 233 Swanzey Street, Keystone, South Dakota on his 2005 tax returns.

Dr. Hassan lived in Madison, South Dakota, from December of 1987 until August of 2003. Although he owned a home in Madison, South Dakota, Dr. Hassan sold the home in July of 2005. Dr. Hassan and his wife's vehicles are registered in South Dakota and the registration documents

that were issued in 2006 list a Madison, South Dakota address. Dr. Hassan has a South Dakota driver's license which expires in November of 2007. In Dr. Hassan's 2006 voter registration application for Pennington County, South Dakota, Dr. Hassan lists his residence address as 233 Swanzey Street, Keystone, South Dakota, and his mailing address as Jamestown, Kentucky. Dr. Hassan voted absentee in South Dakota in the 2004 and 2006 elections. Dr. Hassan's U.S. Passport, which expired at the end of 2005, also listed his address as 233 Swanzey Street, Keystone, South Dakota. Hassan testified, however, that he has never been to the address at 233 Swanzey Street, Keystone, South Dakota. That address is for Teddie's Fast Forward, an address where Dr. Hassan has mail sent and then forwarded on to him. Dr. Hassan also uses the Teddie's Fast Forward address as the registered office and location of the registered agent (Dr. Hassan)[2] for Surgical Consultants, Ltd., his North Dakota corporation which is registered as a foreign corporation with the South Dakota Secretary of State. However, a receipt for the Certificate of Authority shows that it was issued at the request of Dr. Hassan and lists the Kentucky address as Dr. Hassan's address. Dr. Hassan also receives mail in Kentucky and wherever he is working locum tenens. At Dr. Hassan's deposition on April 17, 2007, he testified that the last time he had been in South Dakota was in May of 2006.

When Dr. Hassan was sued in this Court in 2004, his March 12, 2004, answer stated, "Venue is inappropriate as Dr. Hassan is a resident of Kentucky." Dr. Hassan states in his affidavit in support of the motion to dismiss in the case at hand that after he was sued in the 2004 action he advised his attorney that he currently lived in Kentucky, but he does not recall any conversations or discussion with his attorney in the 2004 action regarding residency. Dr. Hassan further states in his affidavit that he considers himself a South Dakota citizen and has never considered himself a Kentucky citizen. Dr. Hassan further states in his affidavit that he intends to purchase a home in the Black Hills of South Dakota and reside there when he retires from his medical practice sometime within the next five years.

Although Dr. Hassan may hope to retire in the Black Hills of South Dakota, such an

---

[2]Plaintiff maintains that Dr. Hassan has violated S.D.C.L. § 47-1A-1507 regarding registered agents and office because Dr. Hassan does not reside in this state and because his business office is not identical with the registered office.

"amorphous desire to relocate" at a rather indefinite future date does not control in the determination of domicile for purposes of diversity jurisdiction. *See Valentin v. Hospital Bella Vista*, 254 F.3d 358, 367 (1st Cir. 2001). Consideration of the substantive nature of Dr. Hassan's contacts with the different states supports a determination of Kentucky citizenship. Although residency is not the equivalent of citizenship, it is still significant that Dr. Hassan, at the time this action was commenced, owned one home and that home is in Kentucky. Further, the address of that Kentucky residence is listed on the licensing documents for Dr. Hassan's profession. The Court also finds significant the fact that Dr. Hassan, while represented by competent counsel, asserted in 2004 that venue of the earlier action against him belonged in Kentucky. For these reasons, this Court concludes that Plaintiff has proven by a preponderance of the evidence that Dr. Hassan is a citizen of Kentucky.

Determination of Dr. Miller's Domicile

Dr. Miller began working at the Huron Regional Medical Center in Huron, South Dakota, under a locum tenens agreement in February of 2004. The employment contract, which was negotiated in 2005 and became effective February 1, 2006, is terminable by either party on 180 days notice. Dr. Miller has worked exclusively at Huron Regional Medical Center except for a one-week period in which she worked a locum tenens assignment in New Hampshire. In her affidavit in support of the motion to dismiss, Dr. Miller states, "At present it is my intention to live and work in Huron, South Dakota, at least until my contract with Huron Regional Medical Center expires in 2009 and beyond." Dr. Miller leases an apartment in Huron, South Dakota, as part of her employment contract. She attends church, has a bank account, and has seen a doctor and dentist in Huron, South Dakota. Also, she has an ownership interest in a bead business in Huron, South Dakota.

Dr. Miller was deposed in a telephone deposition while Dr. Miller was in Florida on April 16, 2007. Dr. Miller testified that she left New Hampshire in 2001 and moved her "home base" to Florida. Dr. Miller testified she has family in Florida. Between 2001 and 2004 Dr. Miller had worked in Oklahoma, New Hampshire, Alaska and North Dakota, and has held professional licenses in Florida, South Dakota, Oklahoma, New Hampshire, Alaska and North Dakota. Currently, she is licensed only in South Dakota. Although Dr. Miller rented between 2001 and 2005 in Sarasota, Florida, she purchased a home in Sarasota, Florida, in 2005. Dr. Miller purchased and licensed her

5

two automobiles in Florida, and in November of 2006 she had and still has a Florida driver's license. Dr. Miller has used her Florida address on her federal tax returns. Dr. Miller's voter registration from 2002 until the present has been in Florida. After Dr. Miller purchased her home in Florida she updated the address information on her voter registration in Florida.

This Court finds that Dr. Miller's "home base" of Florida is also her domicile. While it is not necessary that a person have an intent to live in a state permanently to establish herself as a citizen of that state, she cannot establish citizenship when she has a "present or fixed intent to move on upon the happening of a reasonably certain event." *Holmes v. Sopuch*, 639 F.2d 431, 434 (8th Cir. 1981). The termination of Dr. Miller's locum tenens employment is a reasonably certain event and her maintenance of her Florida home, Florida vehicle registrations, Florida driver's license and Florida voter's registration reveal an intent to move on when the South Dakota employment is terminated. For these reasons, this Court concludes that Plaintiff has proven by a preponderance of the evidence that Dr. Miller is a citizen of Florida.

In conclusion, complete diversity exists between the parties, and this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332. Accordingly,

IT IS ORDERED that the motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction (Doc. 13) is denied.

Dated this 17th day of May, 2007.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Shelly Margulies*
(SEAL)    DEPUTY

6